```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IDT DOMESTIC TELECOM, INC.                      :
                                                :
                Plaintiff,                      :
                                                :       09 Civ. 10436 (HB)
      - against -                               :
                                                :       OPINION &
                                                :       ORDER
ESTRELLA TELECOM, INC.                          :
                                                :
                Defendant.                      :
                                                :
------------------------------------------------------------------------x
```

**Hon. Harold Baer, Jr., District Judge:**

Plaintiff IDT Domestic Telecom, Inc. ("IDT" or "Plaintiff") filed its Complaint in this action against Estrella Telecom, Inc. ("Estrella" or "Defendant") in New York State Supreme Court on or about November 23, 2009, alleging claims of breach of contract, breach of the implied covenant of good faith and fair dealing, book account, account stated, unjust enrichment, and quantum meruit. Defendant timely removed the action to this Court on December 23, 2009. Defendant now moves to dismiss the Complaint under the doctrine of forum non conveniens, or alternatively, to have the action transferred to the Southern District of Florida under 28 U.S.C. § 1404. For the reasons set forth below, Defendant's motion is denied.

**I.        BACKGROUND**

IDT is a Delaware corporation with its principal place of business in New Jersey. It is also authorized to do business in New York as a foreign business corporation. Estrella is a Florida corporation with its principal place of business in Florida. Both companies are suppliers of telecommunications services.

In 2005, IDT entered into a Service Agreement (or "Agreement") with Estrella, pursuant to which the two parties agreed to provide wholesale telecommunications services to each other, at rates set forth in the Agreement. Pl. Opp. Br. 2. The Agreement includes a "Jurisdiction" provision that states, "This Agreement and the relationship between the Parties hereto will be governed by the laws of the State of New York. Both Parties consent to said jurisdiction and venue in the courts of New York." Carey Decl., Ex. C (hereinafter, the "Agreement") at ¶ 8.7.

IDT argues that transferring this action to Florida would be inappropriate, as would dismissal for forum non conveniens. After weighing the factors for transfer under 28 U.S.C. § 1404, considering the rationales for dismissal on grounds of forum non conveniens, and in light of the forum selection clause in the Agreement, I agree.

## II.   DISCUSSION

### A.   The Motion to Transfer Pursuant to 28 U.S.C. § 1404

Under Section 1404(a), a district court has the authority to transfer a civil action to any other federal district court where it might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) gives a district court discretion to adjudicate motions for transfer through individualized, case-by-case consideration of convenience and fairness. In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

Courts address the balance of convenience and the interests of justice by weighing (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel the

2

attendance of unwilling witnesses; and (7) the relative means of the parties. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-7 (2d. Cir. 2006). The presence of a forum selection clause is "a significant factor that figures centrally in the district court's calculus." Ricoh Corp., 487 U.S. at 29.

1.     *The Plaintiff's Choice of Forum*

A plaintiff's choice of forum "is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." Royal & Sunalliance v. British Airways, 167 F.Supp.2d 573, 576 (S.D.N.Y.2001); see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). To overcome this presumption, defendant must "make a clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there." Hershman v. UnumProvident Corp., 658 F.Supp.2d 598, 601 (S.D.N.Y. Sep. 25, 2009).

Plaintiff is headquartered near New York and licensed to do business in this state. It has chosen to litigate this case in New York, the forum that the parties consented to in the Service Agreement. Not only does the Agreement contain a forum selection clause that specifies that the parties "consent to jurisdiction and venue in the Courts of New York," it also provides that any arbitration of disputes would take place in New York.[1] Agreement ¶¶ 5.1 – 5.2. When it entered into the agreement, Plaintiff contemplated resolving any

---

[1] Pursuant to a stipulation dated March 15, 2010, the parties have decided to litigate instead of arbitrating under what appears to be a mandatory arbitration clause in the Service Agreement. The relevant portion of the Agreement states, "The Parties will exercise reasonable, good faith efforts to resolve any dispute arising out of the Agreement within thirty (30) days of receipt of a Party's written notice of the dispute….If the Parties fail to resolve the dispute within thirty (30) days…the Parties *shall enter into arbitration as set forth below…The arbitration shall be conducted in New York*." Agreement ¶¶ 5.1 – 5.2. The stipulation reads in part: "It is herein stipulated….that the parties waive without reservation the arbitration provision of the Service Agreement."

contractual disputes in New York, and it asserted its preference for a New York forum when it filed suit in this state's Supreme Court. Accordingly, this factor weighs strongly against transfer.

> 2. *The Convenience of the Witnesses and the Availability of Process to Compel Unwilling Witnesses*

The convenience of the forum for witnesses is a significant factor in the analysis of whether a transfer should be granted. See Schnabel v. Ramsey Qualitative Sys., 322 F.Supp.2d 505, 516 (S.D.N.Y. 2004). A party moving to transfer on the ground that witnesses will be inconvenienced is obliged to "name the witnesses who will be appearing and describe their testimony so that the court may measure the inconvenience caused by locating a lawsuit in a particular forum." Schieffelin & Co. v. Jack Co. of Boca, Inc., 725 F.Supp. 1314, 1321 (S.D.N.Y.1989).

Plaintiff's chief party witness lives in the Southern District of New York, in Rockland County (Pl. Opp. Br. 4. Defendant has identified five potential witnesses, and argues that it would be "an extreme financial burden and grossly inconvenient" to transport them to New York for trial. See Def's Ex. A; Gordon Decl. ¶ 5. The Court recognizes that the thought of bringing witnesses to New York doesn't titillate the Defendant, but given that Defendant has identified a relatively small number of witnesses, all of whom are employees of the company, this factor is hardly dispositive.

Defendant Estrella correctly argues that litigation in New York could mean the absence of certain witnesses who decline to travel from Florida. However, Defendant has not identified any potential non-party witnesses whose unavailability would create problems for a fair resolution of this dispute. IDT is "not aware" of any non-party witnesses. Pl. Opp. Br. at 10. In the absence of any non-party witnesses, the availability of compulsory process is a neutral factor.

*3.     The Location of Documents and Evidence and the Locus of Operative Facts*

Defendant argues that in order to defend the suit, it would need access to books and banking records that are located in Florida. Def's Mot. Dismiss 7. Even if a significant proportion of Estrella's records are located in Florida, most financial statements are now available electronically, and modern discovery techniques facilitate remote access to documents. See Am. Steamship Owners Mut. Protection and Indem. Ass'n Inc. v. LaFarge North Am. Inc., 474 F.Supp.2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents."). Furthermore, Plaintiff asserts that its records are maintained in Newark, New Jersey, near this Court. Pl. Opp. Br. 4. Although this factor does not support keeping the action here in New York, neither does it militate in favor of transfer to Florida.

*4.     The Convenience of the Parties*

The convenience of the parties becomes a neutral factor in the transfer analysis if transferring venue would merely shift the inconvenience to the other party. Wechsler v. Macke Int'l Trade, Inc., 1999 WL 1251251 at *6 (S.D.N.Y. Dec. 27, 1999). Plaintiff is located in Florida, and Defendant is located in New Jersey. A transfer of this action to Florida would simply shift the inconvenience from one party to the other.

*5.     The Locus of Operative Facts*

In cases where the action arises out of a contract, the locus of operative facts is "where the contract was negotiated, where it was to be performed, and where the alleged breach occurred." Oubre v. Clinical Supplies Mgmt., Inc., 2005 WL 3077654 at *4 (S.D.N.Y. Nov. 17, 2005). Neither party has commented on where the contract was negotiated. According to the Schedule to the Service Agreement, both parties provided

5

telephone connections to other countries. Although there is some evidence that a representative of Plaintiff visited the Defendant's Florida offices (Schuh Aff. ¶ 21), the alleged breach occurred when Defendant, in Florida, failed to pay Plaintiff, in New Jersey. Thus, the locus of operative facts is a neutral factor.

    *6.*       *The Relative Means of the Parties*

Defendant alleges that it is a local company of modest financial means in comparison to Plaintiff, which conducts business across the United States. Def. Reply Br. 3. However, where neither party has provided information concerning its assets and resources, the means of the parties is a neutral factor. Ivy Society Sports Group, LLC v. Baloncesto Superior Nacional, 2009 WL 2252116 at *8 (S.D.N.Y. Jul. 28, 2009). This factor has "rarely been a dispositive reason to grant or deny a transfer motion." Schoenefeld v. New York, 2009 WL 1069159, at *3 (S.D.N.Y. Apr. 16, 2009).

The Court is sympathetic to Defendant's concern that it will face certain additional costs if litigation takes place in New York, rather than Florida, but notes that Defendant contemplated litigation or arbitration in New York when it entered into the Agreement with Plaintiff. See Agreement ¶ 8.7. Defendant has not provided any specific information regarding its financial position or that of its adversary. While there may be a disparity in the relative means of the parties, this does not overcome the weight accorded to IDT's choice of forum. See Fandino v. Amalgam Entertainment, LLC, 2010 WL 607819 at *4 (S.D.N.Y. Feb. 19, 2010).

The weighing of these factors supports keeping this action in the Southern District of New York, the forum chosen by plaintiff and specified by the forum selection clause.

### B. The Forum Selection Clause

This Court has already determined, through an analysis of the section 1404(a) factors, that litigation in New York would not work an unreasonable or unjust result in this case. See D.H. Blair & Co., 462 F.3d at 103 ("Unless it is clearly shown that enforcement would be unreasonable and unjust, forum-selection clauses will be enforced."). The permissive forum selection clause in the Service Agreement provides additional support for keeping this action here.

The Second Circuit espouses a broad reading of forum selection clauses, in keeping with the policy favoring their use. Roby v. Corp. of Lloyds, 996 F.2d 1353, 1361 (2d Cir.1993), *cert. denied*, 510 U.S. 945 (1993). A forum selection clause is permissive, rather than mandatory, when it reflects the parties' consent to resolve disputes in the designated forum, rather than requiring them to do so. See Macsteel Intern. USA Corp v. M/V Larch Arrow, 2009 WL 4255517 (2d Cir. Dec. 1, 2009) at *2. Although a permissive forum selection clause is entitled to less weight than a mandatory one, the fact that both parties initially accepted the jurisdiction of the courts of New York must count in deciding a motion to transfer. Reliance Ins. Co. v. Six Star, Inc.,155 F.Supp.2d 49, 58 (S.D.N.Y. 2001).

The forum selection clause in the Service Agreement between IDT and Estrella is permissive, because it reflects the parties' "*consent* to jurisdiction and venue in the courts of New York," and does not contain mandatory language requiring litigation here. See Agreement ¶ 8.7. Nevertheless, the clause weighs strongly in favor of New York. Inconvenience to Defendant and the expense of traveling are not alone reasons to disturb the choice of forum. See Citicorp Leasing, Inc. v. United American Funding, Inc, 2004 WL 102761 (S.D.N.Y. Jan. 21, 2004); Weiss v. Columbia Pictures Television, Inc., 801 F.Supp.

7

1276, 1278 (S.D.N.Y 1992) (both finding that the appropriate forum was the one designated in a permissive forum selection clause).

On March 18, 2010, Defendant sought to amend its Reply Memorandum to the Motion to Dismiss to assert that waiver of the arbitration provision pursuant to the parties' March 15, 2010 stipulation creates a waiver of "the venue clause." The amendment is accepted, but it does not change this Court's analysis. Waiver of the venue language specified in the arbitration provision at section 5.2 of the Agreement has little or no effect on the permissive forum selection clause that appears in section 8.7, which is entitled "Jurisdiction" and on which our decision relies.

### C. Forum Non Conveniens

Estrella also moves to dismiss IDT's complaint on forum non conveniens grounds. Any review of a forum non conveniens motion starts with "a strong presumption in favor of the plaintiff's choice of forum. Indeed, it is generally understood that, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Norex Petroleum Ltd. v. Access Industries, Inc., 416 F.3d 146, 154 (2d Cir. 2005) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981); Gulf Oil, 330 U.S. at 508 (1947)). Since this Court concluded that it it is appropriate to maintain jurisdiction over this action rather than transfer it to Florida, we consider only briefly movant's forum non conveniens arguments.

When deciding a motion to dismiss for forum non-conveniens, courts in this Circuit consider: (1) the degree of deference to be afforded to the plaintiff's choice of forum; (2) whether there is an adequate alternative forum for adjudicating the dispute; and (3) whether the balance of public and private interests tips in favor of adjudication in one forum or the other. Norex, 416 F.3d at 153 (citing Irragorri v. United Techs. Corp., 274 F.3d 65, 73-74

8

(2d Cir. 2001)). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 508.

    *1.       Deference to Plaintiff's Choice of Forum*

To decide how much deference to accord plaintiff's choice of forum, courts weigh a number of factors, including convenience of the plaintiff, the availability of witnesses, the defendant's amenability to suit in the plaintiff's chosen forum, the availability of legal assistance in the chosen forum, and evidence of forum shopping on the part of plaintiff. BFI Group Divino Corp. v. JSC Russian Aluminum, 298 Fed. Appx. 87, 90 (2d Cir. 2008) (citing Iragorri, 274 F.3d at 72).

As discussed above in the analysis of the motion to transfer, litigation in New York is convenient for plaintiff IDT, the key witnesses are party witnesses who live in or can travel to New York, and there is no indication of forum-shopping on the part of IDT, since the parties agreed to litigation in New York when they signed the Service Agreement. While Defendant claims not to be amenable to suit here, the forum selection clause indicates otherwise. Finally, of all cities in the world, legal assistance for Defendant is certainly available in New York.

    *2.       Existence of an Adequate Alternative Forum*

The party moving to dismiss for forum non conveniens bears the burden of demonstrating the existence of an adequate alternative forum. Usha (India), Ltd. v. Honeywell Int'l, Inc., 421 F.3d 129, 135 (2d Cir. 2005). Plaintiff does not dispute that Florida is an adequate alternative forum; however, this court will not dismiss for forum non conveniens merely because an adequate alternative forum exists.

### 3.  *The Balance of Private and Public Interests*

The plaintiff's choice of forum is to be respected unless the balance of both private and public factors strongly justifies a transfer.  Manu Int'l, S.A. v. Avon Prods., Inc., 641 F.2d 62, 65 (2d Cir. 1981).  Among the private factors that courts consider on motions to dismiss for forum non conveniens are the ease of access to evidence, the availability of compulsory process, the cost of obtaining attendance of willing witnesses, and "all practical problems that make trial of a case easy, expeditious, and inexpensive."  Scottish Air Int'l v. British Caledonian Group, PLC, 81 F.3d 1224, 1232 (2d Cir. 1996).  These factors were discussed above in the analysis of why the case should not be transferred under section 1404(a).  While Estrella will face the cost of transporting its party witnesses to New York, this is not significant enough to disturb IDT's choice of forum.

Furthermore, there are no public interests that will be served if this action is dismissed.  This Court is fully capable of administering the matter, which, under the terms of the Settlement Agreement, is to be decided under New York law.  See Agreement ¶ 8.7.  There is no reason to believe that the Southern District of Florida would be likely to try this case on its merits more expeditiously than this Court, which has already set a schedule for motion practice and trial.

Ultimately, an action should be dismissed for forum non conveniens only if the chosen forum is shown to be genuinely inconvenient and the selected forum significantly preferable."  Iragorri, 274 F.3d at 74-75.  There is no forum that would be significantly preferable to New York for the resolution of the dispute between the parties.  IDT's motion to dismiss for forum non conveniens is therefore denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for forum non conveniens or to transfer to pursuant to 28 U.S.C. § 1404 is DENIED, and the Clerk of the Court is instructed to close this motion (No. 8). The Clerk is also instructed to close Defendant's Motion to Amend its Reply Memorandum (No. 20). The parties are instructed to follow the schedule set forth in the Pre-Trial Scheduling Order of March 5, 2010.

SO ORDERED
March 19 2010
New York, New York

_____
U.S.D.J.